[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10026

_____

D.C. Docket  No. 1:08-cr-00006-WLS-TOL-1

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

versus

J. HARRIS MORGAN, JR.,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(November 28, 2012)

**ON PETITION FOR REHEARING**

Before JORDAN, and HILL, Circuit Judges, and EDENFIELD,* District Judge.
_____
        *Honorable B. Avant Edenfield, United States District Judge for the Southern District of Georgia, sitting by designation.

PER CURIAM:

After a jury trial, defendant-appellant J. Harris Morgan, Jr. appealed from his conviction on sixty-nine counts of health care fraud.  His appeal was placed on a non-argument calendar, and a panel of this court affirmed Morgan's convictions in an unpublished opinion dated November 30, 2011.  *United States v. Morgan*, 452 Fed.Appx. 866, 20911 WL 5965789 (C.A.11 (Ga.)).

Morgan filed a petition for rehearing, and on January 26, 2012, this court granted Morgan's petition, vacated the prior panel opinion, and set his appeal for oral argument.  Having now heard oral argument in this case, and carefully reviewed the record, the briefs, and the arguments of counsel, this court now reinstates the prior panel's opinion in full, reported at 452 Fed.Appx.866, affirming Morgan's convictions on sixty-nine counts of health care fraud.

OPINION AND JUDGMENT OF CONVICTIONS REINSTATED AND AFFIRMED.

JORDAN, Circuit Judge, concurring in part and dissenting in part:

I agree with my colleagues that the evidence was sufficient to support Mr. Morgan's convictions. In my view, however, two combined errors entitle Mr. Morgan to a new trial.  First, although there is no per se rule regarding the failure to give a good-fath instruction, *see United States v. Sirang*, 70 F.3d 588, 594 (11th Cir. 1995), this is one of those cases where the general instruction on the elements of the offense was insufficient.  The district court, as I see it, should have given a good-faith instruction. *See, e.g.*, *United States v. Lewis*, 592 F.2d 1282, 1286-87 (5th Cir. 1979) (holding, in a forgery case, that the jury instructions on intent to defraud failed to adequately convey the defendant's good-faith defense, and as a result the failure to give a good-faith instruction constituted reversible error). Second, I do not think that the improper admission of the Rule 404(b) evidence was harmless. This was a relatively close case, and the mere fact that the evidence was sufficient to convict does not mean that the error was harmless, particularly in light of the absence of a good-faith instruction. *See United States v. Hand*, 184 F.3d 1322, 1329 (11th Cir. 1999) ("An error may substantially influence an outcome and thus warrant reversal even if the evidence, had no error occurred, would have been sufficient to support the conviction.").

3